CASE NOT SCHEDULED FOR ORAL ARGUMENT

**In the United States Court of Appeals**
**For the District of Columbia Circuit**

Public.Resource.Org, Inc. *et al*,

        *Petitioners*,

        *v.*                        No. 23-1311

Federal Communications Commission, *et al*,

        *Respondents.*

**UNOPPOSED MOTION TO FILE DOCUMENTS UNDER SEAL**

Petitioners Public.Resource.Org, Inc., IFixit, Inc., and Make: Community, LLC, challenge the failure of the Federal Communications Commission (FCC) to publish certain proposed and final rules in the Federal Register. The proposed and final rules incorporated by reference technical standards that have been issued by two private organizations. Incorporation by reference is a process that federal agencies use to incorporate into the Code of Federal Regulations materials that have been adopted elsewhere, without publishing the text of those materials in the Federal Register. *See* 5 U.S.C. § 552(a)(1). Petitioners assert that Federal Register publication of the proposed rules and final rules—which did not include the text of materials that were incorporated by reference—was unlawful.

Because the FCC did not publish the texts of the standards in the administrative proceeding or include them in the published rules, they are not part of the administrative record, and therefore would not normally be included in the Joint Appendix.

Carl Malamud, the president of the lead petitioner, Public.Resource.Org, Inc., has purchased a copy of each of the standards. Two private organizations claim copyright protection for each of the standards: ANSI C63.25.1-2018, ANSI C.63.10-2020, ISO/IEC 17025-2017, and ANSI C63.4a-2017. Petitioners believe that, under this Court's decision in *American Society for Testing & Materials v. Public.Resource.Org, Inc,* 82 F.4th 1262 (D.C. Cir. 2023), once the standards were adopted as final rules by the FCC, the doctrine of fair use would entitle petitioners to submit them to the Court as part of this proceeding. Petitioners believe that it would be helpful for the Court to have the full text of these standards available as it deliberates on the case. However, in order to avoid unnecessary controversy, petitioners ask this Court for an order authorizing them to file a single copy of each standard under seal for the convenience of the Court.

Counsel for respondents has reviewed this motion and has authorized undersigned counsel to state that respondents do not oppose the motion.

For the foregoing reasons, this Court should authorize petitioners to file under seal one copy of each of the four standards at issue in this case.

Respectfully Submitted

*Alan B. Morrison*
Alan B. Morrison
George Washington University
 Law School
2000 H Street NW
Washington D.C. 20052
(202) 994 7120
abmorrison@law.gwu.edu

March 5, 2024