# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-1311                                      September Term, 2024

FILED ON: DECEMBER 19, 2024

PUBLIC.RESOURCE.ORG, INC., ET AL.,
        PETITIONERS

v.

FEDERAL COMMUNICATIONS COMMISSION AND UNITED STATES OF AMERICA,
        RESPONDENTS

On Petition for Review of an Order
of the Federal Communications Commission

Before: MILLETT, WILKINS, and PAN, *Circuit Judges*.

## **J U D G M E N T**

This appeal was considered on the record from the Federal Communications Commission ("FCC") and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** and **ADJUDGED** that the petition for review be **DISMISSED**.

\* \* \*

The FCC promulgated a rule that regulates laboratory accreditation and the testing of electronic equipment. In so doing, it incorporated by reference four technical standards that were developed by private standard-setting bodies. Petitioners are non-profit organizations with an interest in ensuring public access to documents that are relied upon by government agencies. They argue that the incorporation by reference of the technical standards was unlawful because the standards are not "reasonably available," as required by statute. 5 U.S.C. § 552(a). But we cannot reach the merits of that argument because petitioners have failed properly to demonstrate standing. We therefore dismiss their petition.

## I.

Agencies generally must publish proposed and final rules in the Federal Register. *See* 5 U.S.C. § 553(b) (proposed rules); *id.* § 552(a)(1)(D) (final rules). When including technical standards in a rule, they may "incorporate[] by reference" that information if it is "reasonably available to the class of persons affected," and such information is then "deemed published in the Federal Register." *Id.* § 552(a); *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*, 896 F.3d 437, 442 (D.C. Cir. 2018).

The rulemaking at issue here concerns the FCC's equipment-authorization program, which helps to ensure that electronic devices do not interfere with radio communications. To receive authorization from the FCC, certain equipment must be tested by either an FCC-recognized accredited laboratory or by the supplier of the technology. In the Notice of Proposed Rulemaking challenged by petitioners, the FCC proposed to adopt four standards that were developed by private bodies to regulate laboratory accreditation and the testing of electronic equipment. The FCC did not publish the standards in the Federal Register but instead incorporated them by reference in the proposed rule.

Petitioners are three nonprofits — Public.Resource.Org, iFixit, and Make Community — that commented on the proposed rule. They have expressed an interest in "the public availability and accessibility of documents that are proposed to be incorporated by reference into law." J.A. 63. As they describe themselves:

> Public Resource is a 501(c)(3) nonprofit organization based in California. Its mission is to make the law more readily available. iFixit is a collaborative effort spanning thousands of fixers, repair-seekers, and translators dedicated to assisting people in repairing their equipment. Make Community is an organization that has been elevating makers, nurturing a global cultural movement, and celebrating creativity, innovation and curiosity since 2005.

J.A. 63.

In their comment on the proposed rule, petitioners complained that the technical standards that the FCC proposed to adopt were not published in the Federal Register. They contended that, "[i]n order to" read the standards and make informed comment on the substance of the rule, they "would have to each expend $589" to purchase the standards from the private standard-setting organizations, J.A. 63, 67, or "travel . . . to Washington DC in order to read (but not copy) the laws" at the FCC's headquarters, J.A. 71. Petitioners thus asked the FCC to "restart this rulemaking proceeding with everyone having free access and the right to copy these proposed standards." J.A. 74.

The final rule "update[d] [the FCC's] rules to incorporate four new and updated standards that are integral to equipment testing." J.A. 1. The FCC addressed petitioners' objections by

2

noting that the standards were readily available and that "[d]irect purchase was only one of the means of obtaining information about the standards." J.A. 5. The agency noted that "at least two of these standards were available online in a read-only format without cost, abstracts and information related to the standards are widely available without restriction, and the Commission . . . ensured that the materials were available for in-person inspection [at the FCC headquarters in Washington, D.C.]." J.A. 5 (cleaned up).

On appeal, petitioners claim that incorporation by reference of the standards in the proposed rule (1) violated the notice-and-comment requirements of the Administrative Procedure Act, *see* 5 U.S.C. § 553(b), and (2) violated the requirement in the Freedom of Information Act ("FOIA") that agencies publish substantive rules of general applicability in the Federal Register and incorporate by reference only "reasonably available" materials, *see* 5 U.S.C. § 552(a)(1). In relevant part, the FCC responds that petitioners fail to demonstrate standing, and notes that petitioners' opening brief makes no effort to comply with Circuit Rule 28(a)(7). We agree with the FCC that petitioners have failed properly to demonstrate standing and therefore dismiss the petition.

## II.

To invoke our jurisdiction, a petitioner must establish that it has standing. *Ohio v. EPA*, 98 F.4th 288, 299 (D.C. Cir. 2024). It "must show a substantial probability that it has been injured, that the defendant caused [the] injury, and that the court could redress that injury." *Id.* at 300 (cleaned up). Under our caselaw and Circuit Rule 28(a)(7), a petitioner who appeals directly from an agency must make this showing "in 'its opening brief:'" It may not "wait . . . until after the respondent contests the issue," unless standing is "readily apparent." *Ohio*, 98 F.4th at 300 (quoting *Sierra Club v. EPA*, 292 F.3d 895, 900–01 (D.C. Cir. 2002)); *see also* D.C. Cir. R. 28(a)(7) ("In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.").

Addressing standing in the opening brief promotes the orderly consideration of standing arguments. It gives the respondent "the opportunity to make an informed response to the petitioner's" theory of standing, which allows for the "full development of the arguments for and against standing." *Sierra Club*, 292 F.3d at 900–01. If, by contrast, a petitioner does not articulate its standing arguments until its reply brief, the respondent has no chance to address those arguments. Instead, respondent must guess at petitioner's theory of standing in its responsive brief and is "left to flail at the unknown in an attempt to prove the negative." *Id.* at 901.

Accordingly, when a petitioner fails to argue standing in its opening brief, we ordinarily dismiss the petition, "absent good cause shown." *Ohio*, 98 F.4th at 300 (cleaned up). "[W]e have found such good cause in two circumstances: where the parties reasonably, but mistakenly, believed that the initial filings before the court had sufficiently demonstrated standing, and where

3

the parties reasonably assumed that their standing was self-evident from the administrative record." *Twin Rivers Paper Co. v. SEC*, 934 F.3d 607, 614 (D.C. Cir. 2019) (cleaned up).

### III.

Petitioners concede that they did not comply with Circuit Rule 28(a)(7). Indeed, they made no attempt to argue standing in their opening brief.[1] Because petitioners' standing is not readily apparent and because they have not otherwise demonstrated good cause to excuse their failure to comply with the rule, we dismiss their petition.

Petitioners' standing is not readily apparent. To start, petitioners do not claim to be directly regulated by the challenged rule, and non-regulated parties face a "substantially more difficult" time establishing standing. *See Ohio*, 98 F.4th at 300 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562 (1992)). Although petitioners assert, for the first time in their reply brief, that they have informational standing to challenge the rule, we see no reason to excuse their failure to address standing in their opening brief.

To establish informational standing, a petitioner must allege that "(1) it has been deprived of information that, on its interpretation, a statute requires the government or a third party to disclose to it, and (2) it suffers, by being denied access to that information, the type of harm Congress sought to prevent by requiring disclosure." *Friends of Animals v. Jewell*, 828 F.3d 989, 992 (D.C. Cir. 2016). Here, it is unclear whether petitioners were in fact "denied access" to the four standards that the FCC incorporated by reference. *Id.* As petitioners concede, copies of those standards were available for public inspection at the FCC's headquarters, as well as at the Office of the Federal Register in Washington, D.C. Moreover, abstracts of all four of the standards were available for free online, and two of those standards were available in full. Because petitioners arguably were not denied access to the standards, their standing was not "readily apparent," and it was incumbent upon them to explain their theory of informational standing in their opening brief. *Ohio*, 98 F.4th at 300.

Petitioners contend, for the first time in their reply brief, that they at least have standing to assert their claim that the FCC violated FOIA's disclosure requirements, *see* 5 U.S.C. § 552(a)(1), because "no court has ever suggested that suits under FOIA lack standing because the plaintiffs have no more than a desire to have a copy of the record that has been requested," Reply Br. 8. But petitioners' standing to raise their FOIA argument also is not "readily apparent," *Ohio*, 98 F.4th at 300, because petitioners do not bring a typical FOIA suit seeking only the disclosure of

---

[1]  Petitioners state that they "did include all the information that was needed to establish their standing" in the opening brief, Reply Br. 4, apparently suggesting that they reasonably "believed that the initial filings before the court had sufficiently demonstrated standing," *Twin Rivers Paper Co.*, 934 F.3d at 614 (cleaned up). But they do not substantiate this point, arguing only that their standing was self-evident based on the nature of their claims. *See Gov't of Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019) ("A party forfeits an argument by mentioning it only in the most skeletal way, leaving the court to do counsel's work, create the ossature for argument, and put flesh on its bones." (cleaned up)).

4

information. Rather, they ask us to "reverse[]" the FCC order adopting the final rule and "remand[]" to the Commission so that it can restart the rulemaking "in compliance with 5 U.S.C. § 553(b) and 5 U.S.C. § 552(a)(1)(D)." Pet'r's Br. 35; *see also id.* at 12 ("The FCC must restart this rulemaking proceeding with everyone having free access and right to copy these proposed standards, which is what 5 U.S.C. § 553 mandates." (cleaned up)); *Owner-Operator Indep. Drivers Ass'n v. U.S. Dep't of Transp.*, 879 F.3d 339, 346 (D.C. Cir. 2018) ("[Plaintiffs] must demonstrate standing separately for each form of relief sought." (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000))). Thus, petitioners' reliance on typical FOIA cases is misplaced and does not excuse their failure to address standing in their opening brief. *See Ohio*, 98 F.4th at 300. And to the extent petitioners attempt to assert a more traditional FOIA claim that seeks only disclosure, they must first bring their suit in the district court. *See* 5 U.S.C. § 552(a)(4)(B); *Baker & Hostetler LLP v. Dep't of Com.*, 473 F.3d 312, 317 (D.C. Cir. 2006).

## IV.

By failing properly to establish their standing, petitioners deprived the FCC of a fair opportunity "to make an informed response to" their arguments and thereby prevented the "full development of the arguments for and against standing." *Sierra Club*, 292 F.3d at 900–01. We therefore dismiss the petition for review.

\* \* \*

Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. We direct the Clerk to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/

Daniel J. Reidy
Deputy Clerk