No. 23-1311

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

PUBLIC.RESOURCE.ORG, INC., ET AL.,

*Petitioners,*

v.

FEDERAL COMMUNICATIONS COMMISSION, ET AL.,

*Respondents.*

On Petition for Review of an Order of the Federal Communications Commission

# AMICI RESPONSE TO ORDER TO SHOW CAUSE REGARDING SEALED RECORD MATERIALS

DORSEY & WHITNEY LLP
Creighton R. Magid (#49713)
*magid.chip@dorsey.com*
1401 New York Avenue, N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555

Michael A. Lindsay
*lindsay.michael@dorsey.com*
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600

*Counsel for The Institute of Electrical and Electronics Engineers, Inc., International Organization for Standardization, and International Electrotechnical Commission*

On April 1, 2025, this Court ordered that "the parties" should show cause as to why sealed portions of the appellate record should not be unsealed. The order relates to several copyrighted standards that Petitioners Public.Resource.Org, Inc., IFixit, Inc., and Make: Community, LLC filed in this Court. The owners of the copyrights in these sealed materials, however, are not parties to this litigation. Rather, those copyrights are owned by The Institute of Electrical and Electronics Engineers, Inc. ("IEEE") and International Organization for Standardization / International Electrotechnical Commission ("ISO/IEC").

The April 1 order states that *the parties* are "strongly encouraged to submit a joint response." The Federal Communications Commission has undertaken to submit that filing and, as a convenience to the Court, to include a statement of the position of nonparties IEEE and ISO/IEC in that joint submission.[1] IEEE and ISO/IEC submit this separate statement to describe their legal interest in the sealed materials and to further explain why those should either (a) be stricken from the appellate record or (b) remain under seal.

The simplest and cleanest approach would be to strike the documents from the appellate record under Fed. R. App. P. 10(e)(3). As Petitioners observed, the standards "are not part of the administrative record, and therefore would not

---

[1] IEEE and ISO/IEC joined in the amicus brief filed by American National Standards Institute and 16 Standards Organizations. (*See* Doc. No. 2055339.)

normally be included in the Joint Appendix." (Doc. No. 2043534 at 2.) Furthermore, the Court does not appear to have relied on the sealed records, and they were not material to the Court's decision on the merits. Petitioners have concurred in this suggestion, and respondents take no position.

In the alternative, the sealed documents should remain under seal. First, there is no public interest in lifting the seal. Nothing in the Court's opinion suggests that the specific text of the standards is material to the Court's decision, and any person interested in their substance can purchase the standards. Second, lifting the seal and placing the standards in the public record would prejudice amici IEEE and ISO/IEC by creating unnecessary copyright issues if anyone should seek to copy the standards from the public-record versions.

## I. Background

IEEE and ISO/IEC are non-profit standards development organizations ("SDOs") that participate in the development of specialized standards. These SDOs invest substantial resources to produce high-quality standards that are vital to the functioning and safety of a range of industries, consumer products, and regulatory fields. This development takes place through open, consensus-based processes that ensure both due process and consideration of all points of view.

Consistent with their public-service missions and non-profit status, SDOs make their standards easily accessible to the public for free, read-only viewing

3

online. But the costs of developing standards still need to be funded. SDOs secure copyrights in the standards in order to generate revenue from selling, licensing, and otherwise distributing their copyrighted standards to the professionals who use them in their work. IEEE and ISO/IEC own the copyrights in the standards that Petitioners filed under seal in this matter.[2]

In this action, Petitioners sought to undermine the SDOs' copyright protection and require that a federal agency make the full text of any copyright-protected standard (or portion thereof) that the agency is considering for IBR available online without restriction at the agency's website and without regard to the SDO's consent and without any remuneration to the SDO.

## II. Procedural Background

On March 5, 2024, Petitioners filed an "unopposed" motion[3] to file the full text of the IEEE and ISO/IEC standards under seal. In its motion, Petitioners acknowledged that they had "purchased a copy of each of the standards" and sought to introduce them into the record because "Petitioners believe that it would be helpful for the Court to have the full text of these standards available as it

---

[2] These interests are explained at greater length in the amicus brief that IEEE and ISO/IEC joined. (*See generally* Doc. No. 2055339.)

[3] Petitioners' motion states only that *respondents* did not oppose. Petitioners made no representation about the position of the copyright owners, IEEE and ISO/IEC.

deliberates on the case." (Doc. No. 2043534 at 2.) Petitioners also acknowledged that the standards "are not part of the administrative record, and therefore would not normally be included in the Joint Appendix." (Doc. No. 2043534 at 2.) This Court granted Petitioners' motion to seal on September 20, 2024. (Doc. No. 2075957.)

On April 25, 2024, this Court ordered that petitioners' motion be referred to the merits panel and that the documents be lodged with the Court. On September 20, 2024, the Court granted the motion and directed that the clerk file the lodged documents, which the clerk did that same day.

On December 19, 2024, this Court issued its Order and Judgment dismissing the petition for review on the basis that Petitioners lacked standing. This Court determined that Petitioners' basis for standing was not readily apparent and that they had "made no attempt to argue standing in their opening brief," therefore warranting dismissal. (Doc. No. 2090332 at 4.) This Court did not reach the merits of Petitioners' claim. (*See generally id*.)

## III. Argument

This Court should simply strike the sealed materials from the appellate record because they were not material to, or relied upon in, the Court's merits decision. In the alternative, this Court should maintain the seal because the requirements for doing so are satisfied here.

5

### A. The Court Should Strike the Sealed Materials form the Appellate Record

The sealed materials would not ordinarily be part of the appellate record. The Court did not cite or otherwise refer to the sealed documents in its opinion, and the sealed documents were not otherwise material to the Court's decision on the merits, given the basis on which it was decided. Furthermore, as Petitioners observed, the standards "are not part of the administrative record, and therefore would not normally be included in the Joint Appendix." (Doc. No. 2043534 at 2.) Petitioners, who sought inclusion of the documents, have concurred in this suggestion. Consequently, the Court should strike the standards from the appellate record.

### B. In the Alternative, This Court Should Maintain the Seal

This Court has established a six-factor test for determining whether public disclosure of such information is warranted, which considers: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *United States v. Hubbard*, 650 F.2d 293, 315, 317-22 (D.C. Cir. 1981). Each of these factors supports the continued protection here.

### 1. No Need for Access

The first *Hubbard* factor asks "whether the public needs to access the [sealed] information." *Cable News Network, Inc. v. Fed. Bureau of Investigation*, 984 F.3d 114, 119 (D.C. Cir. 2021). Here, there is no public need to access the sealed information. The specific text of the standards is not necessary to understanding the basis for this Court's decision, and this Court did not consider or rely on the substance of the standards in reaching its decision to dismiss Petitioners' claims for lack of standing. Indeed, this Court's finding that Petitioners failed to show standing implies, to some degree, that at least *these* members of the public have no interest in further access.

"Further" is the key word. To the extent that there is a public need for access, there is already sufficient access – as this Court has already found. *See* Opinion at 4 ("Moreover, abstracts of all four of the standards were available for free online, and two of those standards were available in full."). This factor weighs in favor of continued sealing.

### 2. Previous Access

The second *Hubbard* factor is the extent to which the public has previously had access to the sealed information. *Cable News Network, Inc.*, 984 F.3d at 119. As noted above, the public already has and continues to have access to the substance of the standards, but in a way that protects the rights of the copyright

owners.  Making the full text of the standards part of the public record would alter the status quo by obviating the need for anyone to purchase the standards, thereby undermining the value of the owner-SDOs' copyrights.  This factor also weighs in favor of continued sealing.  *See Hubbard*, 650 F.2d at 318–19.

### 3. Strength of Interest

The third *Hubbard* factor requires the Court to consider the strength of the party's property and privacy interests in the information to be sealed.  IEEE and ISO/IEC indisputably hold copyrights in the standards.  It would be inappropriate to impose limitations of copyright interest on a procedural motion, rather than on the merits of a case that has been properly brought.  Lifting the seal for the standards would, in effect, reward Petitioners for bringing an action that they had no right to bring.

### 4. Prejudice to Nonprofit Copyright Owners

The fourth *Hubbard* factor requires consideration of the identity of the party objecting to the disclosure of the information, and the fifth factor requires consideration of the possibility of prejudice to that party from the disclosure.  *Cable News Network, Inc.*, 984 F.3d at 119.  Here, the objecting parties are the nonprofit organizations that provide the forums in which the standards are developed and are the owners of the copyrights in the resulting standards.  As explained in their amicus brief, the copyright protection in the standards makes

possible the revenue stream that the SDOs generate from selling, licensing, and distributing the copyrighted standards – a revenue stream that is essential to funding the considerable investment required to create the standards. (*See* Doc. No. 2055339 at 32.) Making the full text of the standards publicly available with unrestricted access would significantly prejudice the SDOs' intellectual property rights. Accordingly, the fourth and fifth *Hubbard* factors weigh in favor of continued sealing.

### 5. Purpose of Introduction

The sixth *Hubbard* factor requires the Court to consider the purpose for which the documents were introduced during the proceedings. This factor also weighs against disclosure. This inquiry can include, for example, the extent to which the documents were considered or cited in the proceedings, or the purpose for which the documents were offered. *See Cable News Network*, 984 F.3d at 121. This Court did not consider or rely on the copyrighted standards in reaching its decision, nor are the standards in any way necessary to understand this Court's decision. The basis for this Court's decision was that Petitioners failed to show standing – and that would be true regardless of the content of the standards. Furthermore, it is doubtful that there was a legitimate purpose for providing the standards to the Court. Petitioners stated their belief that "it would be helpful for

the Court to have the full text of these standards available as it deliberates on the case." (*See* 2043534 at 2.) That stated belief proved to be incorrect.

## IV. CONCLUSION

Unsealing the records is not necessary to serve any public interest, and lifting the seal would prejudice the owners of the copyrights in the sealed standards. For the foregoing reasons, IEEE and ISO/IEC respectfully request that the sealed documents be stricken from the appellate record or, in the alternative, that the sealed standards remain under seal.

Respectfully submitted,

Dated: April 30, 2025

/s/ *Creighton R. Magid*
Creighton R. Magid (#49713)
*magid.chip@dorsey.com*
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555

Michael A. Lindsay
*lindsay.michael@dorsey.com*
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600

*Counsel for The Institute of Electrical and Electronics Engineers, Inc., International Organization for Standardization, and International Electrotechnical Commission*

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation imposed by the Federal Rules of Appellate Procedure and the D.C. Circuit Rules. The document was prepared in Microsoft Word using proportionally spaced typeface with size 14 Times New Roman font. The document contains 1,903 words.

Dated: April 30, 2025

*/s/ Creighton R. Magid*
Creighton R. Magid (#49713)
DORSEY & WHITNEY LLP
*magid.chip@dorsey.com*
1401 New York Avenue NW, Suite 900
Washington, DC 20005
Telephone: (202) 442-3555

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2025, I caused the foregoing Amici Response to Order to Show Cause Regarding Sealed Record Materials to be electronically filed with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all counsel of record.

*/s/ Creighton R. Magid*
Creighton R. Magid